UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

ROBERT WILLIAMS, et al.,

    Plaintiffs,

    v.

BUREAU OF LAND MANAGEMENT,

    Defendant.

No. 2:18-cv-02402-MCE-DB

**ORDER**

---

By way of this action, Plaintiffs Robert Williams and Deanna Williams, individually and as Trustees of the Robert L. and Deanna J. Williams Trust, ("Plaintiffs") seek a declaration that the Bureau of Land Management ("Defendant") has a duty to maintain an Easement it owns appurtenant to Plaintiffs' real property free of dry vegetation to minimize fire hazards. Presently before the Court is Defendant's Motion to Dismiss (ECF No. 7). This Court lacks jurisdiction over Plaintiffs' Complaint, and that Motion is hereby GRANTED with leave to amend.[1]

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting

---

[1] Having determined that oral argument would not be of material assistance, the Court submitted the matter on the briefs in accordance with E.D. Local Rule 230(g).

1

jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornhill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind.,

Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting <u>Exch. Nat'l Bank of Chi. v. Touche Ross & Co.</u>, 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists.  <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988); <u>Thornhill</u>, 594 F.2d at 733.  If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

In this case, the Complaint is deficient on its face.  Plaintiffs brings their claim under the Quiet Title Act, 28 U.S.C. 2409a, ("QTA") but, as they now concede, that statute waives sovereign immunity only as against the United States, not as against the named Defendant here.  Moreover, that immunity waiver only applies to actual title disputes:

> The United States may be named as a party defendant in a civil action under this section to adjudicate a <u>disputed title to real property</u> in which the United States claims an interest, other than a security interest or water rights.

28 U.S.C. 2409a(a). It is undisputed here that the United States owns the easement in question, foreclosing Plaintiffs' ability to rely on the QTA as a basis for this Court's jurisdiction.  See <u>Robinson v. United States</u>, 586 F.3d 683, 688 (9th Cir. 2009) ("We adopt a pragmatic approach and conclude that a suit that actually challenges the federal government's title, however denominated falls within the scope of the QTA regardless of the remedy sought.").  While this waiver generally extends both to disputes as to the "ownership" and "scope" of easements, here Plaintiffs' lawsuit "concerns the use of land as to which title is not disputed."  <u>Id.</u>  Accordingly, dismissal is proper.

///
///
///
///
///

1 | For the reasons just stated, Defendant's Motion to Dismiss (ECF No. 7) is
2 | GRANTED with leave to amend. Not later than twenty (20) days following the date this
3 | Order is electronically filed, Plaintiffs may, but are not required to, file an amended
4 | complaint. If no amended complaint is timely filed, the causes of action dismissed by
5 | virtue of this Order will be deemed dismissed with prejudice upon no further notice to the
6 | parties.

IT IS SO ORDERED.

Dated: January 22, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE